No. 21,683.

THE STATE OF KANSAS, *Appellee*, v. JOSEPH FLAHERTY and JAMES DANIELS, *Appellants*, et al.

### SYLLABUS BY THE COURT.

1. LARCENY—*Obtaining Money by Inducing Betting on Sham Horse Race.* An information which charges that the defendants conspired to obtain the property of another with intent to steal the same; that they obtained possession thereof by inducing the other to bet $5,350 on a horse race; and that they made way with, secreted, and stole the $5,350, charges an offense under section 3448 of the General Statutes of 1915.

2. SAME—*Conspiracy to Steal Proven.* There was evidence to show that the defendants, Flaherty and Daniels, were guilty of participating with their codefendants in conspiring to steal, and in stealing, the property of George Roth.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed July 6, 1918. Affirmed.

*James S. Gibson*, of Kansas City, for the appellants.

*S. M. Brewster*, attorney-general, and *J. H. Luscombe*, county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Joseph Flaherty and James Daniels appeal from a judgment of conviction on a charge of grand larceny.

1. The first question argued by Flaherty and Daniels is that

the information does not state facts sufficient to charge the offense of grand larceny, under section 3448 of the General Statutes of 1915, nor to charge any public offense, nor to charge any violation of any law of the state of Kansas. This question was presented to the trial court by a motion to quash the information, by a motion for a new trial, and by a motion in arrest of judgment. The information, in substance, charges that in Wyandotte county, Kansas, on or about April 23, 1914, Joseph Flaherty and James Daniels, with others, who were named in the information,

"did unlawfully, wilfully, feloniously, wickedly, corruptly, jointly and evilly confederate and agree together between and among themselves to obtain the property of one George Roth, with intent to steal the same, . . . did wilfully, corruptly and designedly set up a pretended common gambling device, to-wit, a room . . . where bets are made upon the result of horse races, with intent . . . to obtain the money . . . of . . . George Roth, and . . . by means and by use of said fraud did feloniously, designedly, corruptly and wickedly persuade, decoy, inveigle and induce the said George Roth to make a wager of $5,350 in money . . . upon the result of a pretended horse race, thereby then and there obtaining possession of said $5,350 . . . and after . . . having obtained the said sum of money, they . . . did unlawfully, wilfully and feloniously make way with, secrete and steal the said sum of $5,350 . . . . the property of . . . George Roth."

To establish the proposition that the information does not charge an offense under section 3448, it is argued that the statute does not embrace every act which was larceny at the common law, and that it is not larceny to obtain possession of money by some trick, fraudulent device, artifice, or means, with the intention of stealing the same. This argument is not good. 17 R. C. L. 16 uses this language:

"Obtaining money under the pretense that it is to be bet on a race, and with the intent at the time to convert it to the bailee's own use, the race being a mere sham to aid this purpose, is larceny."

(See, also, *Doss v. The People,* 158 Ill. 660; *State v. Dobbins,* 152 Iowa, 632.)

Section 3448 of the General Statutes of 1915, in part, reads:

"Every person who shall be convicted of feloniously stealing, taking or carrying away any money . . . of the value of twenty dollars or more . . . belonging to another, shall be deemed guilty of grand larceny."

The information alleges that Flaherty and Daniels did steal, make way with, and secrete $5,350 which was then the property of George Roth.   These allegations, with those of time and place, are sufficient to charge an offense under section 3448 of the General Statutes of 1915.

2.  Flaherty and Daniels argue that there was no evidence showing that they were guilty of participating in the fraud of Henderson and Charter, two of the other defendants jointly charged in the information.   This argument could be completely and effectively answered by quoting from the brief of Flaherty and Daniels, but the quotation would serve no good purpose and would make this opinion unnecessarily long.

The evidence showed that George Roth put up money to bet on a pretended horse race, and that it was the intention of the person who received the money to convert it to the use of himself and of his associates, two of whom were the defendants Flaherty and Daniels.

The facts disclosed in the present case are almost parallel with the facts stated in *State v. Dobbins*, 152 Iowa, 632.

The judgment is affirmed.